UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DYRON JACKSON,

                      Plaintiff,                        NOT FOR PUBLICATION

                      v.                        **MEMORANDUM & ORDER**
                                                      16-CV-2240 (MKB)

DONALD ROE, LYNN HEALEY, WILLIAM
PREDMORE and MICHEAL LAFRANCE,

                      Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Dyron Jackson, proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the Complaint is dismissed and Plaintiff is granted leave to amend the Complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

       Plaintiff, an African-American male, worked as a security officer and taught a martial arts class at the United Nations Federal Credit Union until he was terminated on March 18, 2015. (Compl. 5–6,[1] Docket Entry No. 1.) Plaintiff submits an employment discrimination form complaint in which he checks the boxes that reference claims for failure to hire, termination of employment, failure to accommodate his disability and retaliation. (*Id.* at 4.) Plaintiff also states that he is asserting a denial of due process claim and a claim for loss of professional equipment

---

[1] The Court refers to the page numbers assigned by the Court's Electronic Filing System.

and personal property. (*Id.*) In the Complaint, Plaintiff identifies his race as African-American, his color as black, his gender as male, his national origin as Moorish American and his disability or perceived disability as Post-Concussion Syndrome. (*Id.* at 5.) Plaintiff alleges that he was removed from his position, "without reason, justification, explanation," was "racially profiled . . . like [he] was a criminal, or suspect," and "was harrassed [sic] constantly humiliated and forced to work as a[] P.S.D. for a year, and not paid." (*Id.* at 5–6.) Plaintiff also alleges that his martial arts equipment was not returned to him. (*Id.* at 6.) Plaintiff provides no further facts to detail or explain these statements. Plaintiff seeks the return of his equipment, money damages, attorneys' fees and costs. (*Id.* at 7–8.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

2

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

      **b.** **Title VII and ADA claims**

           **i.** **Plaintiff cannot sue Defendants under either statute**

Plaintiff names as Defendants four individuals who are or were employed by the United Nations Federal Credit Union, Plaintiff's former employer. (Compl. 2–3.) However, individuals are not subject to liability under Title VII and the ADA. *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (stating that Title VII does not create liability in individual supervisors (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam))); *Sassaman v. Gamache*, 566 F.3d 307, 315–16 (2d Cir. 2009) (stating that "individuals are not subject to liability under Title VII" (quoting *Patterson v. Cty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)); *see Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals . . . ." (collecting cases)); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (holding that the plaintiff's Title VII claims against the individual defendants were "properly dismissed . . . because individuals are not subject to liability under Title VII" (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995))); *see also Spiegel*, 604 F.3d at 79 (holding that

the retaliation provision of the ADA does not provide for individual liability)[2]; *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (affirming dismissal of Title VII claims "because under Title VII individual supervisors are not subject to liability" (collecting cases)); *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (stating that there is no individual liability under the ADA (collecting cases)). A federal employment discrimination claim must be filed against the employer, not individual employees. The Court therefore dismisses the Complaint.

### ii. Plaintiff fails to allege a claim under Title VII and ADA

Moreover, Plaintiff fails to provide sufficient facts to show that he was discriminated or retaliated against because of his race, color, national origin or alleged disability. A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015). In other words, "absent direct evidence of discrimination," to survive a motion to dismiss a claim of employment discrimination in violation of Title VII, a plaintiff must plausibly allege facts that would support a finding that he suffered an adverse employment action

---

[2] Although the Second Circuit has held that there is no individual liability for the ADA's retaliation provision, *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam), it has not reached the question with respect to the ADA's other provisions. However, many district courts have determined that the ADA's other provisions likewise do no provide for individual liability. *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (collecting cases); *see also Gomez v. N.Y.C. Police Dep't*, No. 15-CV-4036, 2016 WL 3212108, at *7 (S.D.N.Y. June 7, 2016) ("[T]here is no individual liability under the ADA." (citing *Lane v. Maryhaven Ctr. of Hope*, 944 F. Supp. 158, 162 (E.D.N.Y. 1996))); *Pierce v. Fordham Univ., Inc.*, No. 15-CV-4589, 2016 WL 3093994, at *6 (S.D.N.Y. June 1, 2016) (noting that "[i]t is well established that there is no individual liability under the ADA" (alteration in original) (quoting *Nelson v. City of New York*, No. 11-CV-2732, 2013 WL 4437224, at *14 (S.D.N.Y. Aug. 19, 2013))).

and "has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 149 (E.D.N.Y. 2015).

Under the ADA, covered employers may not "discriminate against a qualified individual on the basis of disability" with regard to employment decisions. 42 U.S.C. § 12112. At the pleading stage, to state a claim of employment discrimination under the ADA, a plaintiff must plausibly allege that (1) his employer took an adverse action against him, and (2) the action was taken because of his disability or perceived disability. *See Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 25 (2d Cir. 2014) ("To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest, inter alia, that she 'suffered [an] adverse employment action because of [her] disability.'" (alterations in original) (quoting *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001))).

"For a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated — or took an adverse employment action — against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (citing 42 U.S.C. § 2000e-3(a)). To sufficiently allege that a defendant employer took an adverse employment action "because" a plaintiff opposed an unlawful employment practice, a plaintiff "must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Id.* (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. ---, ---, 133 S. Ct. 2517, 2533 (2013)). In the retaliation context, but-for causation does not require that retaliation "was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* at 91 (quoting *Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 846 (2d Cir. 2013)).

5

Even under the most liberal interpretation of Plaintiff's allegations, there are no facts that could plausibly connect any adverse employment action to a protected status based on his race, gender, color, national origin or alleged disability. *See Littlejohn*, 795 F.3d at 311 ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); *see also Vega*, 801 F.3d at 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." (citing *Littlejohn*, 795 F.3d at 310)).

### III. Conclusion

Accordingly, the Complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, he is granted thirty (30) days' leave from the date of this Memorandum and Order to file an amended complaint. If Plaintiff elects to file an amended complaint against his former employer, he should set forth the factual allegations on which he bases his federal claims against his former employer (not individual employees) and provide all relevant dates. Plaintiff should also include a copy of the charge he filed with the EEOC or any other agency, if available. However, Plaintiff cannot rely on the EEOC determination or other documents to replace a statement of claim. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. The Clerk of Court is directed to forward an employment discrimination form complaint to Plaintiff with this Memorandum and Order.

If Plaintiff fails to file an amended complaint within thirty (30) days of this Memorandum and Order, the Court will dismiss this action. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 22, 2016
 Brooklyn, New York